UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE JONES,

       Plaintiff,                      Case No. 4:14-cv-14417
                                        Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 14), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 16) and AFFIRMING THE DECISION OF THE COMISSIONER OF SOCIAL SECURITY

**I.    BACKGROUND**

Plaintiff, Suzanne Jones, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. On July 25, 2012, Plaintiff filed an application for disability insurance benefits, alleging that she has been disabled since May 30, 2010. (R. at 222-228.) Plaintiff's application was denied on October 25, 2012, and she sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). (R. at 103-115, 116, 139-140.) ALJ Ben Barnett held a hearing on May 21, 2013 and subsequently determined that Plaintiff was not disabled within the meaning of the Social

Security Act. (R. at 54-102, 34-52.) On September 24, 2014, the Appeals Council denied Plaintiff's request for review. (R. at 1-6, 32-33.) ALJ Barnett's decision became the Commissioner's final decision. Plaintiff then timely commenced the instant action on November 18, 2014. (DE 1.)

**II.   THE INSTANT MOTIONS**

In her motion for summary judgment, Plaintiff asserts that ALJ Barnett committed reversible error by (1) failing to discuss her medically determinable impairment of migraine headaches; (2) failing to consider the 20 C.F.R. § 404.1527 factors when rejecting Dr. Million's opinions; and (3) failing to conduct a proper credibility analysis which took into account the enhanced credibility to which her testimony was entitled because of her exemplary work history. (DE 14 at 4, 6-18.) The Commissioner opposes the motion and has filed a motion for summary judgment, arguing that substantial evidence supports the Administrative Law Judge's (ALJ's) decision and that any error he may have made was harmless. (DE 16.) The parties submitted further argument by way of reply and sur-reply briefs. (DEs 17, 21.)

The parties have consented to my authority. (DE 22.) A hearing was held on February 24, 2016, at which Plaintiff's counsel (Karl E. Osterhout of Pennsylvania) and Defendant's counsel (AUSA John J. Engel of Massachusetts) appeared by telephone.

## III.   ORDER

Having considered the well-briefed motion papers and thoughtful oral arguments of counsel for the parties, and for the detailed reasons stated on the record, which are hereby incorporated in their entirety by this reference as though restated herein, Plaintiff's motion is **DENIED**, Defendant's motion is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.  A summary of the Court's reasons include but are not limited to the following:

1. Although the ALJ erred by failing to address Plaintiff's migraines and/or headaches at Step 2, such error was harmless based on the treatment these impairments received at Step 4, which resulted in the work-related limitation of "simple, routine, repetitive tasks . . . ."  (R. at 42-43); *see, e.g.*, *Porter v. Comm'r of Soc. Sec.*, No. 13-10707, 2014 WL 1118419, at *15 (E.D. Mich. Mar. 21, 2014) (Berg, J., accepting and adopting report and recommendation of Whalen, M.J.).

2. While the ALJ's consideration of the 20 C.F.R. § 404.1527(c) factors did not expressly include all of the regulatory factors, his explanation for his assignment of "little weight" to Dr. Million's opinions "met the goal" of the regulation, *see Francis v. Commissioner Social Sec. Admin.*, 414 F.App'x 802, 805 (6th Cir. 2011) (quoting *Wilson v. Commissioner Social Sec. Admin.*, 378 F.3d 541, 547 (6th Cir. 2004))

and "'permits the claimant and [this] reviewing court a clear understanding of the reasons for the weight given [the] treating physician's opinion[.]'" *Francis,* 414 F.App'x at 805 (quoting *Friend v. Commissioner of Social Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010) (per curiam)).[1]

3. The ALJ appropriately considered Plaintiff's work history in accordance with 20 C.F.R. § 404.1529(c)(3) and SSR 96-7p when analyzing her credibility (R. at 43), *see Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990), and this circuit does not follow the Second Circuit's procedure of automatically according a Social Security claimant "enhanced" or "substantial" credibility based upon her long-standing work history. *Compare, e.g., Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983) with *Clark v. Astrue*, 2012 WL 6728441 (W.D.N.C. 2012).

---

[1] Furthermore, in addition to other reasons stated on the Court's record for why the ALJ's decision to give "little weight" to Dr. Million's May 7, 2013 opinions was supported by substantial evidence – *e.g.*, internal inconsistency, inconsistency with Dr. Leppien's notations – the Court notes that the medical opinion form regarding ability to do work-related activities filled out by Dr. Million specifically required her to "Identify the particular medical findings (e.g., physical examination findings, x-ray findings, laboratory test results, history, symptoms (including pain), etc.) that support your opinion regarding any limitations[,]" and further warned in block letters that "IT IS IMPORTANT THAT YOU RELATE PARTICULAR MEDICAL FINDINGS TO ANY REDUCTION IN CAPACITY; THE USEFULLNESS OF YOUR OPINION DEPENDS ON THE EXTENT TO WHICH YOU DO THIS." (R. at 670; *see also* R. at 672.)

Moreover, such a procedure would run contrary to the deference owed by a reviewing court to an ALJ's credibility determination. *Infantado v. Astrue,* 263 F. App'x 469, 475 (6th Cir. 2008); *see also, Payne v. Comm'r Soc. Sec.,* 402 F.App'x 109, 113-114 (6th Cir. 2010).

**IT IS SO ORDERED.**

Dated: February 26, 2016          s/Anthony P. Patti
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing order was sent to parties of record on February 26, 2016, electronically and/or by U.S. Mail.

                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable Anthony P. Patti